Braine v. Northern Central Railway Company, Appellant.

*Railroads—Waters—Bridging stream—Damages—Negligence.*

The right of a railroad company to build a bridge across a stream includes the right to place necessary piers on its banks and in its bed, and for the proper exercise of this right there is no liability although there may be where special injury results from its arbitrary, wanton, or negligent exercise.

In an action against a railroad company to recover damages for injuries to land alleged to have been caused by negligence in the construction of a bridge pier in a stream, it is reversible error for the court to charge that although the owner of a right of way across a stream of water has a right to bridge it, he will be liable for an injury caused by any change or modification or interference with the natural flow of the water at its ordinary height or at a time of flood.

Such an instruction is too broad in that it would permit a recovery for injuries incidentally ensuing, from the careful exercise of a legal right.

Argued March 18, 1907. Appeal, No. 98, Jan. T., 1906, by defendant, from judgment of C. P. Lycoming Co., March T., 1904, No. 73, on verdict for plaintiff in case of William W. Braine v. Northern Central Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Reversed.

Trespass to recover damages for injuries to land. Before HART, P. J.

The facts appear by the opinion of the Supreme Court.

Plaintiff presented the following points :

1. The owner of a right of way across a stream of water has the right to bridge it, but he must so construct and maintain the bridge as not to change or modify the natural flow of the stream. And if he does interfere, to the injury of an owner, he is liable in damages. *Answer :* We affirm that as a general proposition. [1]

3. The jury are instructed that the bridge must be so constructed as not to interfere with the natural flow of the stream, not only at its ordinary height, but also when the stream is swollen by flood, and if the jury believe that the railway company so constructed bridge eighteen as to interfere with the natural flow of the water, to the injury of the plaintiff, he is entitled to recover. *Answer :* This is affirmed. [3]

Verdict and judgment for plaintiff for $2,236. Defendant appealed.

*Errors assigned* were (1, 3) above instructions, quoting them.

*Seth T. McCormick*, for appellant.—The gist of this action of trespass is negligence. No question arises of the liability of the defendant company for such consequential damages as might result from the non-negligent exercise of the right of eminent domain, and which could only be assessed by a jury of view ; and yet by affirming the plaintiff's first and third points, the court below instructed the jury that there could be a recovery if they found that the defendant, in the construction of the pier, interfered in the slightest degree with the natural flow of the water in the stream, even if no negligence were shown : Lauderbrun v. Duffy, 2 Pa. 398 ; Jutte v. Bridge Co., 146 Pa. 400 ; Whitaker v. Canal Co., 87 Pa. 34 ; Monongahela Bridge Co. v. Kirk, 46 Pa. 112 ; Berninger v. Ry. Co., 203 Pa. 516 ; Shaw v. Boom Co., 125 Pa. 324 ; Carr v. Northern Liberties, 35 Pa. 324 ; McGuire v. Lehigh Valley R. R. Co., 215 Pa. 618.

*Haines & Peaslee*, with them *William H. Spencer*, for appellee.—When a highway, railroad, milldam or other public work is authorized by the legislature, such work is legal, and

all damages necessarily incident to such work must be recovered in the manner pointed out by the law authorizing it, and no action as for a tort will lie to recover such damages, but this rule presupposes that work will be executed in a reasonably proper and skillful manner, and with a just regard to the rights of others, and the distinction is well established that if the corporation or person owning and constructing the work does not use due care in constructing and maintaining it, it is liable to an action of tort by any person injured by said negligence : Bryant v. Bigelow Carpet Co., 131 Mass. 491 ; Rowe v. Granite Bridge Corporation, 38 Mass. 344 ; Estabrooks v. Peterborough & Shirley R. R. Co., 66 Mass. 224 ; Perry v. Worcester, 72 Mass. 544 ; Sprague v. Worcester, 79 Mass. 193 ; 2 Farnham on Waters & Water Rights, 619 ; Dorman v. Ames, 12 Minn. 451 ; Jutte v. Bridge Co., 146 Pa. 400 ; Monongahela Bridge Co. v. Kirk, 46 Pa. 112 ; Spencer v. Hartford, etc., R. R. Co., 10 R. I. 14 ; Barnes v. Boston & Maine R. R. Co., 130 Mass. 388 ; Riddle v. Delaware County, 156 Pa. 643 ; Fick v. Penna. R. R. Co., 157 Pa. 622 ; Berninger v. Sunbury, etc., Ry. Co., 203 Pa. 516.

OPINION BY MR. JUSTICE FELL, April 29, 1907 :

The defendant's bridge over Lycoming Creek was partly destroyed by flood in 1889. In reconstructing it about 100 feet were added to its length and this addition made necessary the building of a pier in the bed of the creek. The plaintiff's farm land, which abutted on the creek below the bridge and adjoined the defendant's right of way, was injured by a flood in 1901. The action was for negligence in the construction of the pier. It is alleged in the statement of claim that the overflow was caused by the building of the pier without proper care and skill obliquely to the course of the stream, which caused the natural channel to fill up and a new one to be formed, by which the water was diverted against the land of the plaintiff.

The question of fact at the trial was whether the injury to the plaintiff's land was caused by negligence of the defendant in the location and construction of the pier. This question was properly submitted to the jury and the general charge was free from error. The learned judge, however, in affirming the

plaintiff's first and third points instructed the jury that, although the owner of a right of way across a stream of water has a right to bridge it, he will be liable for any injury caused by any change or modification or interference with the natural flow of the water at its ordinary height or at a time of flood.

This instruction was too broad in that it would permit a recovery for injuries incidentally ensuing, from the careful exercise of a legal right. In this action the defendant could be held responsible only for negligently placing the pier so that it would cause damage reasonably to be apprehended to the property of others. The right of a railroad company to build a bridge across a stream includes the right to place necessary piers on its banks and in its bed, and for the proper exercise of this right there is no liability although there may be where special injury results from its arbitrary, wanton or negligent exercise: Clarke v. Bridge Co. 41 Pa. 147; Railway Co. v. Gilleland, 56 Pa. 445; Jutte v. Bridge Co., 146 Pa. 400; Berninger v. Railway Co. 203 Pa. 516. In Clarke v. Bridge Co. 41 Pa. 147, it was said: "But, to hold the grantee of a franchise to erect a bridge responsible for damages resulting from a mistake of judgment in locating the piers; to treat such a mistake as of course culpable negligence, is to take away from the grantee that discretion which the legislature has conferred and transfer it to the jury. Such is not the doctrine of the cases referred to. To hold it would be to submit to the jury to find what would be the best location, or rather what would not be the best, instead of leaving the decision of that question where the law has put it."

How far the instruction complained of, in view of the general charge in which the law was correctly stated, may have influenced the jury, it is impossible to tell. Since the verdict may have been based upon it, it is necessary that the judgment should be reversed. The first and third assignments of error are sustained and the judgment is reversed with a venire facias de novo.